IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL STAFFIERO,

    Petitioner,                    No. CIV S-09-1717 EFB P

   vs.

KEN CLARK, Warden, et al.,

    Respondents.                ORDER

_____/

    Petitioner, a prisoner without counsel, has filed a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. Petitioner has paid the filing fee.

    Petitioner is presently incarcerated at the California Substance Abuse Treatment Facility in Kings County. Petitioner is serving a sentence for a conviction rendered by the San Diego County Superior Court. Petitioner is challenging an October 23, 2006 denial of parole suitability. In habeas corpus cases, venue is proper: (1) in the district of confinement, or (2) in the district of "conviction and sentencing." 28 U.S.C. § 2241(d). Because it is difficult to stretch "conviction and sentencing" into a decision denying parole suitability, only the first venue option is appropriate. Moreover, since prisoners are not normally transferred about for parole eligibility hearings, the district of confinement would normally be the district of

"conviction and sentencing" even if that rubric were utilized in the parole eligibility setting.[1]

Petitioner is confined in Kings County, which is also where his October 23, 2006 parole suitability hearing took place. Thus, this action should have been commenced in the district court in Fresno.[2]   Local Rule 3-120(d).

Accordingly, it is hereby ORDERED that:

1. This action is transferred to the district court in Fresno. *See* Local Rule 3-120(f).

2. The Clerk of Court shall assign a new case number.

3. All future filings shall bear the new case number and shall be filed at:

> United States District Court
> Eastern District of California
> 2500 Tulare Street
> Fresno, CA 93721

DATED: July 9, 2009.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] If the literal interpretation of "conviction and sentencing" were to be employed, i.e., the district where petitioner suffered his underlying conviction, maintaining the action in that place in parole suitability situations would not be as appropriate as having it in the place of confinement. First, in the logistical sense, the issue of parole suitability has little to do with the place of conviction – the court will not be concerned with the ease of mustering witnesses and evidence. Secondly, even though the local government officials at the place of conviction may retain an interest in having parole denied, habeas cases are handled by the state Attorney General's Office, and local officials are not involved in the federal court litigation regarding review of the parole eligibility decision. The issues involved in the federal court review will not center about the opinions of local officials, and even if it did, those opinions will be of record already.

[2] The opposite policy is in effect for the "usual" habeas cases involving attack upon a conviction or sentence. In those cases there is an advantage to transferring to the district of conviction because evidence and witnesses for any evidentiary hearing are more likely to be located there. The California federal district courts have long employed a blanket transfer policy to the district of conviction for "conviction" habeas cases.

2